BERNARD STORP *v.* JOHN HARBUTT.

In an action in the Marine and District or Justices' Courts, against the endorser of a promissory note, although the defendant does not appear and answer, the plaintiff must, nevertheless, establish his case by proving a demand of the maker and notice of non-payment. (*a*)

APPEAL from the Marine Court.

*Benjamin L. Billinger*, for the defendant.

*John H. McCunn* and *James Moncrief*, for the plaintiff.

---

(*a*) Under § 15 of the District Court consolidation act of April 13, 1857, or under § 4 of the Marine Court amendatory act of April 7, 1857, the plaintiff, in an action on contract, may serve with the summons a verified complaint, in which case he may, in the Marine Court, have judgment for the amount demanded, and costs. The language of the section, relative to the district courts, is, that "In any action arising on contract, for the recovery of money only, either expressed or implied, or on an account, the constable or person serving

Storp *v.* Harbutt.

BY THE COURT. WOODRUFF, J.—Although a defendant does not appear and answer, the plaintiff cannot, in the Marine and District Courts, recover without proving his case. (Code, § 64, sub. 8, § 68.)

The defendant in this action was sued as the endorser of a promissory note, and the plaintiff did not prove, nor attempt to prove, a demand of the maker, or refusal by him to pay the note at maturity. Without this proof, or proof of a waiver of such demand, or a subsequent promise, or the like equivalent, the defendant could not be charged. Such demand and refusal (unless a demand be waived) is indispensable to fix the endorser. Proof that a notice of protest was served on the defendant does not prove, nor tend to prove, a demand of the maker. No cause of action, therefore, was made out against the defendant.

In this respect the case is not one in which the appellate court are called upon to review a finding of fact upon evidence. There is here a total want of evidence; a finding without any evidence; a want of any proof whatever to a point which is vital to the right of recovery.

It is, therefore, unnecessary to consider the other points raised by the notice of appeal.

The judgment must, I think, be reversed.

Judgment reversed.

---

the summons, warrant or attachment, may serve therewith and in like manner, a copy of the complaint, together with a copy of such contract, or a statement of the amount due thereon, or a copy of said account and notice that the plaintiff will take judgment for the sum specified therein; in such case, unless the defendant, *in his answer*, specifically deny the same, he is to be deemed to have admitted *it, and the court is authorized to enter judgment therefor without further proof.*" Under these last provisions, whether the plaintiff can enter judgment upon filing his verified complaint, with proof of service, and without producing any evidence, in case the defendant does not answer? *Quere.* If he answers and does not specifically deny, a judgment by default, without proof, may be given; but if he fails to answer at all, the plaintiff's course would seem not so clear.—REP.